Jackson v. Woodward.

JACKSON, *ex dem.* QUACKENBOSS, *against* WOODWARD.(c)

In ejectment, signing the consent rules, delivering a new declaration, putting in common bail and filing a plea are all simultaneous acts. And if the tenant neglects to file the plea *instanter*, default may be entered against the *casual ejector*.

IT appeared that the plaintiff's attorney, at the time of delivering a new declaration, after the consent rules were exchanged, not having received a plea, entered a rule in the cause against the *tenant*, to plead in twenty days; which not being done, he proceeded to enter a default against the *casual ejector*.

*Emott* now moved to set aside this default, for irregularity.

*Quackenboss*, contra.

*Per Curiam.* The entry of the default in this manner, was certainly irregular. No rule could be entered against the *casual ejector*, in a cause entitled against the *tenant*. The signing the consent rule, delivering a new declaration, putting in common bail, and filing a plea, are all simultaneous acts; should the tenant, therefore, neglect to file his plea, *instanter*, he is to be considered as not appearing in the suit, and then a default is to be entered against the *casual ejector*. But the default against the *casual ejector* has been taken under the first rule at the return of the writ, and not in consequence of any new rule.

Rule granted.(d)